RECEIVED
IN LAKE CHARLES, LA.

JUL -7 2011

TONY R. MOORE, CLERK
BY_____PAT_____
           DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:09 CR 00094-006 |
| VS. | : | JUDGE MINALDI |
| SANDRA PETE ANDERSON | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 (Rec. Doc. 176) filed by the defendant, Sandra Pete Anderson ("Anderson"). The Government filed an answer (Rec. Doc. 184). The defendant did not file a reply.

Procedural History[1]

On May 13, 2009, a federal grand jury returned a three-count indictment against Anderson and six other individuals. (Rec. Doc. 1). She was charged in Counts One and Three of the indictment. Count One charged her with conspiracy to possess with the intent to distribute cocaine and cocaine base. Count Three was a forfeiture count.

On October 15, 2009, pursuant to a written plea agreement, Anderson pleaded guilty to Count One of the indictment. (Rec. Doc. 111). On March 3, 2010, she was sentenced to 84 months imprisonment with credit for time served. (Rec. Docs. 142, 150). The presentence investigation report ("PSR") indicates that her advisory guideline range was 262-327. However, because of her career offender status, her guideline range was, in fact, life imprisonment. (PSR, ¶¶36, 81). Thus,

---

[1] As summarized by the United States.

the 84 month sentence was a significant variance from the advisory guideline range.

On March 3, 2011, the defendant filed a motion to vacate sentence under 28 U.S.C. § 2255. (Rec. Doc. 176). On March 18, 2011, she filed a letter addendum regarding this motion. (Rec. Doc. 177). On April 27, 2011, she filed an addendum to her § 2255 motion. (Rec. Doc. 179).

Facts

The factual basis submitted at the time of the guilty plea indicates the defendant's brother, Spencer Roy Pete, was involved in distributing crack cocaine in the Lake Charles area. The defendant would purchase crack cocaine from her brother and then distribute it in the Lake Charles area. On two occasions, including September 9, 2005 and January 18, 2006, the defendant sold cocaine base to an undercover agent at her residence. On August 1, 2006, a search warrant was executed at her home in Lake Charles, and paraphernalia related to the distribution and use of crack cocaine were found in her residence. (Rec. Doc. 111-2).

Law

The sole issue raised in this §2255 is Anderson's request for a lower sentence.

There are two procedural grounds to reduce a sentence at this point in the proceeding. The first is a reduction pursuant to 18 U.S.C §3582(c)(2). Congress authorized reductions of this kind only where the court originally set the term of imprisonment " based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Garcia,* 606 F.3d 209, 212 ( 5th Cir. 2010). The defendant's range was not subsequently lowered by the Sentencing Commission, therefore, this provision is not applicable.

The next procedural vehicle would be a Rule 35 reduction. Rule 35 states:

**(a) Correcting Clear Error.** Within 14 days after sentencing, the court may correct

2

a sentence that resulted from arithmetical, technical, or other clear error.

**(b) Reducing a Sentence for Substantial Assistance.**

> **(1) In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
>
> **(2) Later Motion.** Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
>> **(A)** information not known to the defendant until one year or more after sentencing;
>>
>> **(B)** information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>>
>> **(C)** information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.
>
> **(3) Evaluating Substantial Assistance.** In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.
>
> **(4) Below Statutory Minimum.** When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

(c) **"Sentencing" Defined.** As used in this rule, "sentencing" means the oral announcement of the sentence.

Federal Rules of Criminal Procedure, Rule 35.

More than fourteen days from the sentence had passed at the filing of this motion, making Rule 35(a) inapplicable. Rule 35(b) expressly provides that only the Government can move for a reduction under this statute. Therefore, Rule 35(b) does not apply.

Accordingly, this court lacks jurisdiction to grant any reduction in sentence at this point in the proceedings. The defendant's §2255 motion will be DENIED.

Lake Charles, Louisiana, this 7 day of July, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE